IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHESTER CARROLL,

            Plaintiff,

      v.

TEXAS INSTRUMENTS INC.,

            Defendant.

Civil Action No. 2:11 CV 1037-mlt

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dr. Chester Carroll ("Dr. Carroll") hereby complains of Defendant Texas Instruments Inc. as follows:

### I. THE PARTIES

1.    Dr. Carroll is an individual residing at Camp Hill, Alabama.

2.    Upon information and belief, Defendant Texas Instruments Inc. ("TI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 12500 TI Boulevard, Dallas, Texas 75243.

3.    Upon information and belief, TI does business in this Judicial District, and has committed acts of infringement in this District.

### II. JURISDICTION AND VENUE

4.    This cause of action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, more particularly 35 U.S.C. §§ 271 and 281.

5.    Subject matter jurisdiction in this Court is proper under 28 U.S.C. § 1338(a).

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

### III.  FIRST CLAIM FOR RELIEF: PATENT INFRINGEMENT (U.S. PATENT NO. 7,627,624)

7.     Dr. Carroll realleges and reincorporates the allegations set forth in paragraphs 1 through 6.

8.     On December 1, 2009 the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,627,624 ("the '624 patent") entitled "Digital Signal Averaging Using Parallel Computational Structures" to Dr. Carroll. A copy of the '624 patent is attached hereto as Exhibit 1.

9.     Dr. Carroll is the owner of the '624 patent.

10.    Upon information and belief, TI has in the past and is currently infringing the '624 patent by, without authority, making, using, offering to sell, or selling, within the United States, or importing into the United States, certain products which embody one or more claims of the '624 patent, including without limitation the products identified in Exhibit 2 (the "Accused Products"). The Accused Products infringe several claims of the '624 patent, including, but not limited to, at least claims 1 and 10. TI's acts constitute direct infringement of the '624 patent in violation of 35 U.S.C. § 271(a).

11.    TI actively induces infringement of the '624 patent in violation of 35 U.S.C. § 271(b).  TI had knowledge of the '624 Patent at least as early as November 19, 2010.  On information and belief, with knowledge of the patent, TI provided the Accused Products to others, such as customers and other end-users, to use the Accused Products to directly infringe at least claims 1 and 10 of the '624 patent.  For example, TI provides datasheets and technical information to its customers that instruct the customers how to incorporate the Accused Products into infringing devices.  Furthermore, upon information and belief, TI knew that

these instructions and activities would cause direct infringement of the '624 patent by its customers.

12.   TI is also in violation of 35 U.S.C. § 271(c) for contributing to the direct infringement of the '624 patent by others, such as customers and other end-users of the Accused Products.  TI had knowledge of the '624 Patent at least as early as November 19, 2010.  TI is a contributory infringer because, among other things, it offers to sell and/or sells within the United States, components of infringing devices, including but not limited to the Accused Products, that constitute material parts of at least claims 1 and 10 of the '624 patent.  These components are not staple articles or commodities of commerce suitable for substantial non-infringing use, and, upon information and belief, are known by TI to be especially made or especially adapted for use in infringement of the '624 patent.   Upon information and belief, such components are used by others, including customers and other end-users of the Accused Products, in connection with infringing digital signal processing circuits in the United States, thereby constituting direct infringement of the '624 patent.  Upon information and belief, TI knew that the offer for sale, sale, importation, or use of such components would constitute an infringement.

13.   Upon information and belief, Dr. Carroll has been and will continue to be injured by TI's infringement of the '624 patent, and such acts will continue unless TI is enjoined therefrom.

14.   Upon information and belief, TI has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Dr. Carroll.  By reason of the aforesaid infringing acts, Dr. Carroll has been damaged, and is entitled to monetary relief in an amount to be proven at trial.

## IV.  SECOND CLAIM FOR RELIEF: PATENT INFRINGEMENT
### (U.S. PATENT NO. 7,519,642)

15.    Dr. Carroll realleges and reincorporates the allegations set forth in paragraphs 1 through 14.

16.    On April 14, 2009 the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,519,642 ("the '642 patent") entitled "Parallel Computation Structures to Enhance Signal-Quality, Using Arithmetic or Statistical Averaging" to Dr. Carroll.  A copy of the '642 patent is attached hereto as Exhibit 3.

17.    Dr. Carroll is the owner of the '642 patent.

18.    Upon information and belief, TI has in the past and is currently infringing the '642 patent by, without authority, making, using, offering to sell, or selling, within the United States, or importing into the United States, certain products which embody one or more claims of the '642 patent, including without limitation the Accused Products.  TI's acts constitute direct infringement of the '642 patent in violation of 35 U.S.C. § 271(a).

19.    TI actively induces infringement of the '642 patent in violation of 35 U.S.C. § 271(b).  TI had knowledge of the '642 Patent at least as early as November 19, 2010.  On information and belief, with knowledge of the patent, TI provided the Accused Products to others, such as customers and other end-users, to use the Accused Products to directly infringe at least claim 1 of the '642 patent. For example, TI provides datasheets and technical information to its customers that instruct the customers how to incorporate the Accused Products into infringing devices.  Furthermore, upon information and belief, TI knew that these instructions and activities would cause direct infringement of the '642 patent by its customers.

20.    TI is also in violation of 35 U.S.C. § 271(c) for contributing to the

direct infringement of the '642 patent by others, such as customers and other end-users of the Accused Products. TI had knowledge of the '642 Patent at least as early as November 19, 2010. TI is a contributory infringer because, among other things, it offers to sell and/or sells within the United States, components of infringing devices, including but not limited to the Accused Products, that constitute material parts of at least claim 1 of the '642 patent. These components are not staple articles or commodities of commerce suitable for substantial non-infringing use, and, upon information and belief, are known by TI to be especially made or especially adapted for use in infringement of the '642 patent. Upon information and belief, such components are used by others, including customers and other end-users of the Accused Products, in connection with infringing averaging circuits in the United States, thereby constituting direct infringement of the '642 patent. Upon information and belief, TI knew that the offer for sale, sale, importation, or use of such components would constitute an infringement.

21.     Upon information and belief, Dr. Carroll has been and will continue to be injured by TI's infringement of the '642 patent, and such acts will continue unless TI is enjoined therefrom.

22.     Upon information and belief, TI has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Dr. Carroll. By reason of the aforesaid infringing acts, Dr. Carroll has been damaged, and is entitled to monetary relief in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Chester Carroll prays for a judgment in his favor against Defendant Texas Instruments Inc. for the following relief:

A.     For an Order adjudging TI to have infringed the '624 and '642 patents ;

B.      For a permanent injunction pursuant to 35 U.S.C. § 283 enjoining TI, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with TI, from, infringing the '624 and '642 patents;

C.      For a recovery of Dr. Carroll's compensatory damages pursuant to 35 U.S.C. § 284 for TI's infringement of the '624 and'642 patents;

D.      For a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages the Court deems appropriate.

E.      For an assessment of prejudgment and post-judgment interest and costs against TI, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

F.      For an award to Dr. Carroll of his attorneys' fees and non-taxable costs incurred in connection with this action pursuant to 35 U.S.C. § 285;

G.      For an award of taxable costs; and

H.      For such other and further relief as this Court may deem just and proper.

BALL, BALL, MATTHEWS & NOVAK, P.A.

Dated:  December 6, 2011    By:_____

Tabor R. Novak Jr. (NOVA-9503)
*Attorneys for Plaintiff Dr. Carroll*

Ball, Ball, Mathews & Novak, P.A.
2000 Interstate Park Drive, Suite 204
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone: (334) 387-7680
Facsimile: (334) 387-3222
Email: tnovak@ball-ball.com

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Dr. Chester Carroll demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

Dated:  December 6, 2011    By:_____

Tabor R. Novak Jr. (NOVA-9503)
Ball, Ball, Mathews & Novak, P.A.
2000 Interstate Park Drive, Suite 204
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone: (334) 387-7680
Facsimile: (334) 387-3222
Email: tnovak@ball-ball.com

*Attorneys for Plaintiff Dr. Carroll*

11697432