IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHESTER CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:11CV1037-MHT |
| ) | |
| TEXAS INSTRUMENTS ) | |
| INCORPORATED, ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the Motion for Summary Judgment based on Plaintiff's Failure to Provide Infringement Contentions filed by Defendant Texas Instruments, Incorporated, ("Texas Instruments") on September 21, 2012.  (Doc. No. 48.)  For the reasons set forth below, the court concludes that the Motion for Summary Judgment should be granted.

Plaintiff Chester Carroll ("Carroll" or "Plaintiff") is the holder of U.S. Patent Nos. 7,627,624 and 7,519,642.  Carroll alleges that Texas Instruments directly and indirectly infringed his patents through the manufacture and sale of 23 analog-to-digital converters.  Defendant's Motion for Summary Judgment concerns Carroll's failure to serve infringement contentions regarding the patents against Texas Instruments by September 14, 2012 – the date set forth in this court's Order dated August 30, 2012.  (Doc. No. 45.)  The court notes that the deadline for Carroll to serve infringement contentions was initially July 17, 2012.  (Doc. No. 39.)  As the initial deadline approached, Carroll requested additional time for his expert to review and analyze source code before

providing infringement contentions to Texas Instruments.  The parties subsequently filed a Joint Motion for Extension of Deadline.  (Doc. No. 40.)  This court granted the Motion and extended the deadline for infringement contentions from July 17, 2012, to August 17, 2012.  (Doc. No. 41.)  On August 16, 2012, the parties filed a Joint Motion to Modify Scheduling Order, indicating that counsel for Carroll intended to seek leave to withdraw from further representation of him in this lawsuit and that Carroll was considering the possibility of obtaining new counsel.  (Doc. No. 42.)  This court ordered that the deadline for infringement contentions be extended from August 17, 2012, to August 31, 2012.  (Doc. No. 43.)  On August 29, 2012, the parties filed a Joint Motion to Further Modify Scheduling Order, in which counsel for Carroll indicated that they advised him of their intention to seek leave to withdraw from further representation of him.  (Doc. No. 44.)  The court granted an extension from August 31, 2012, to September 14, 2012, to file infringement contentions.  (Doc. No. 45.)  Thus, the court extended the deadline for filing infringement contentions, not once, not twice, but three times.

On September 13, 2012, – one day before the infringement contentions deadline – Plaintiff's counsel filed a Motion to Withdraw as Attorney and a Conditional Joint Motion to Further Modify Scheduling Order.  (Doc. No. 46.)  On September 17, 2012, this court granted the Motion to Withdraw and denied the Motion to Further Modify Scheduling Order.  (Doc. No. 47.)  On September 21, 2012, Texas Instruments filed a Motion for Summary Judgment.  (Doc. No. 48.)  On November 19, 2012, Plaintiff filed a Response.  (Doc. No. 53.)

It is the plaintiff's burden to demonstrate diligence and good cause for a delay in filing infringement contentions. *See O2 Micro International Limited v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1367-68 (Fed. Cir. 2006) (summary judgment of non-infringement proper when plaintiff *inter alia* failed to make a timely showing of good cause to amend infringement contentions). During oral argument on November 19, 2012, Carroll admitted that he has not served infringement contentions, but argues that the reason he has failed to do so is because the information obtained by his expert during the source code review is insufficient and that he needs additional information. It is this court's impression that Texas Instruments has cooperated with Plaintiff by making source code available for review by his former counsel and his own expert and by agreeing to extend the deadline for infringement contentions on at least three occasions.

In addition, Carroll told the court that he is an engineer and has taught engineering at Auburn University, the University of Alabama, and Massachusetts Institute of Technology. Further, Carroll claims he is the sole creator of the patent at issue. Thus, Carroll had no need to consult with others to meet his FED.R.CIV.P. 11 burden and articulate in some minimal way how Texas Instruments infringed his patent. The Magistrate Judge deems Carroll is more than able to relay to his own expert any information necessary to meet his burden to produce his patent infringement contentions. Infringement contentions are threshold matters which must be produced in virtually all patent litigation and the Magistrate Judge deems it a small burden to expect Carroll, the plaintiff, to comply with the court's order to provide the contentions in a timely fashion.

Given three continuances the Magistrate Judge finds dismissal with prejudice the appropriate sanction.

Based on Carroll's failure to file infringement contentions and his lack of adequate explanation for this delay, this court concludes that Carroll has failed to demonstrate good cause for failing to comply with this court's orders.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that summary judgment be granted in favor of Texas Instruments and that this case be dismissed with prejudice.  *See SAP AG v. Datatern, Inc.*, Case No. 1:11cv02648-KBF, Doc. 102, at 1-4 (S.D.N.Y. June 28, 2012) (Attachment to Def's Motion for Summary Judgment, Doc. No. 48, Ex. B) (patentee failed to serve infringement contention and court accordingly granted summary judgment in favor of the alleged infringers).

It is further

ORDERED that on or before **December 26, 2012** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of December, 2012.


                                                /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE