**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **CHESTER CARROLL,** | |
| **Plaintiff,** | **2:11-CV-1037-MHT-TFM** |
| **vs.** | **JURY TRIAL** |
| **TEXAS INSTRUMENTS INCORPORATED,** | |
| **Defendant.** | |

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S RESPONSE**
**TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Defendant Texas Instruments Incorporated ("TI") files this response to Plaintiff Chester Carroll's ("Plaintiff") objections (Doc. No. 57 ("Objections")) to the Magistrate Judge's recommendation that TI's Motion for Summary Judgment should be granted. (Doc. No. 55 ("Recommendation")).

On September 21, 2012, TI filed a motion for summary judgment because Plaintiff failed to serve infringement contentions that—after several agreed-to extensions of time—were most recently due on September 14, 2012.  (Doc. No. 48 ("Motion")).  As explained further below, Plaintiff's failure to serve contentions was no mere oversight.  Nor was it the result of an unsophisticated *pro se* litigant.  Plaintiff had both experienced counsel and a knowledgeable expert and was afforded three extensions of time to provide infringement contentions. Moreover, Plaintiff himself is a former electrical engineering professor who was found by the Magistrate Judge to be technically qualified to prepare infringement contentions.  Nevertheless, Plaintiff failed to timely provide infringement contentions in accordance with the Court's scheduling order.

TI respectfully requests that the Court adopt the Recommendation.

## I.      Background

Plaintiff is the holder of U.S. Patent Nos. 7,627,624 and 7,519,642.  Plaintiff alleges that TI directly and indirectly infringed his patents through the manufacture and sale of certain analog-to-digital converters.

TI supplied source code for the accused products as early as June 11 or June 12, 2012. (*See* Motion at 2).   Although the deadline for Plaintiff to provide infringement contentions was originally July 17, 2012, Plaintiff requested additional time so that his attorneys and/or expert could further review and analyze TI's source code.  (Doc. Nos. 39 and 40).  TI agreed to the extension, and the court granted an agreed motion to extend the infringement contentions deadline to August 17, 2012. (Doc. No. 41).

After having an opportunity to review TI's source code and documentation, Plaintiff's counsel notified the Court on August 16, 2012, of their intention to seek leave to withdraw from further representation of Plaintiff.  (Doc. No. 42).  The parties agreed to extend the deadline for infringement contentions a second time, to August 31, 2012.  (Doc. No. 43).

Thereafter, TI again (for a third time) agreed to extend various scheduling deadlines—including the deadline for Plaintiff to provide infringement contentions—due to the anticipated withdrawal of Plaintiff's counsel and so as not to unduly prejudice either party.  (Doc. No. 44). As a result, the Court extended the deadline for Plaintiff to serve infringement contentions to September 14, 2012.  (Doc. No. 45).

On September 13, 2012, Plaintiff filed an unopposed motion to allow his counsel to withdraw from further representation of him in this case and the parties jointly filed a conditional joint motion to further modify the scheduling order if the motion to withdraw was granted (Doc. No. 46).   On September 17, 2012, the Court granted the unopposed motion to withdraw but

denied the conditional joint motion to further modify the scheduling order (Doc. No. 47).  Thus, the last operative deadline for Plaintiff to provide his infringement contentions remained September 14, 2012.

September 14 passed without Plaintiff serving infringement contentions.  (*See* Motion at 3).  After having agreed to extend the infringement contentions deadline on *three* separate occasions, TI moved for summary judgment based on Plaintiff's failure to provide infringement contentions.  (*See* Motion at 2-4).

On November 19, 2012, the Magistrate Judge conducted a hearing at which both TI and Plaintiff were present.  (*See* November 19, 2012 Hearing Transcript ("Hearing Transcript") (attached as Exhibit 1)).  At that time, Plaintiff had still not served infringement contentions.  As noted by the Magistrate Judge, "[d]uring oral argument on November 19, 2012, Carroll admitted that he has not served infringement contentions . . . ."  (*See* Recommendation at 3).  Surprisingly, Plaintiff contradicts himself in his declaration, which was filed along with the Objections, in which he asserts that "on November 16, 2012, I filed, pro se, a response to Defendant's Motion for Summary Judgment.  This response included my infringement contentions."  (Objections at 4).  Although the summary judgment response filed by Plaintiff on November 16, 2012, did contain a section titled, "Disclosure of Asserted Claims and Infringement Contentions," this filing indisputably did not satisfy the Court's Scheduling Order or the deadline contained therein to "provide infringement contentions for asserted claims, identifying each accused product and functionality *along with a chart identifying specifically where each element of each asserted*

*claim is found within each product*."  (Doc. No. 39 (emphasis added); *see also* Doc. No. 56 and Hearing Transcript at 14:16-15:2).[1]

Based on the record before him, including the opportunity to hear fully from both Plaintiff and TI, the Magistrate Judge concluded that "Texas Instruments has cooperated with Plaintiff by making source code available for review by his former counsel and his own expert and by agreeing to extend the deadline for infringement contentions on at least three occasions." (Recommendation at 3).  The Magistrate Judge also found that Plaintiff—who the Magistrate Judge recognized to be both an engineer and someone who has taught engineering at Auburn University, the University of Alabama, and Massachusetts Institute of Technology—"is more than able to relay to his own expert any information necessary to meet his burden to produce his patent infringement contentions" and "lack[ed] adequate explanation for this delay."  (*Id.*). Plaintiff therefore did not demonstrate good cause for failing to comply with the Court's orders. (*Id.* at 4).   Accordingly, the Magistrate Judge properly recommended granting summary judgment in favor of TI and dismissing the case with prejudice.  (*Id.* at 4).

On December 19, 2012, Plaintiff filed and served what purported to be "Final Infringement Contentions," which the clerk docketed on December 20, 2012, as "OBJECTION/Final Infringement Contentions."  (Doc. No. 56).  This December 19, 2012, filing did not, however, contain any specific objections to the Magistrate Judge's Recommendation. (*Id.*).  On December 26, 2012, Plaintiff filed Objections to the Magistrate's Recommendation. (*See* Objections).

---

[1]   Moreover, even had Plaintiff's summary judgment response filed on November 16, 2012, contained adequate infringement contentions, which it did not, they would still have been filed more than two months late.

## II.     The Magistrate Judge's Recommendation was well founded and should be adopted.

Portions of the Magistrate Judge's disposition that have been properly objected to with specificity are determined by this Court *de novo*.  Fed. R. Civ. P. 72(b).  However, "[m]ost circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *King v. Newell*, Case No. 7:06-cv-57, 2007 WL 3027365, *1 (M.D. Ga. Oct. 15, 2007) (attached as Exhibit 2) (citing *Macort v. Prem, Inc.*, Case No. 06-12316, 2006 WL 3473734, *2 (11th Cir. Nov. 30, 2006)).  As explained below, the Magistrate Judge's Recommendation was well founded and should be adopted.  Plaintiff's objections to the Recommendation do not show otherwise.

### A.     The Magistrate Judge was correct to recommend that the motion for summary judgment be granted and such recommendation is supported by the Federal Rules of Civil Procedure and by relevant case law.

The Magistrate Judge's decision is well supported by the Federal Rules of Civil Procedure and by relevant case law—case law that deems it proper to dismiss patent litigation cases with prejudice based on the plaintiff's failure to provide infringement contentions.

Federal Rule of Civil Procedure 16(f) states in pertinent part that "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f).  Moreover, Federal Rule of Civil Procedure 37(b)(2) specifically contemplates that dismissal of an action is a proper sanction for failure to follow a discovery order.  Fed. R. Civ. P. Pro. 37(b)(2) ("If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include . . . dismissing the action or proceeding in whole or in part.")  As demonstrated below, regardless of whether Federal Circuit or Eleventh

Circuit law is applied, the proper remedy in this case for Plaintiff's failure to comply with the Court's order to timely provide infringement contentions is dismissal of this case with prejudice.

The record before the Court is *undisputed* that Plaintiff failed to provide his infringement contentions on September 14, as required.  As a result, under Federal Circuit authority, Plaintiff's failure to submit infringement contentions precluded any continuing basis for Plaintiff to assert claims of patent infringement.  *See O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1369-1370 (Fed. Cir. 2006) (summary judgment of non-infringement proper when plaintiff *inter alia* failed to make a timely showing of good cause to amend infringement contentions); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.").

District courts in other jurisdictions have made similar holdings under similar failures by the party asserting patent infringement to provide timely infringement contentions.  *See Enroute Sys. Corp. v. ArrivalStar S.A.,* Case No. 2:11-cv-00451, Doc. 32, at 1-3 (N.D. Cal. June 14, 2012) (attached to Motion as Exhibit A) (court denied a motion to extend the deadline for stating preliminary infringement contentions, the alleged infringers moved for summary judgment for failure to provide infringement contentions, and the court granted summary judgment and dismissed the infringement claims with prejudice); *see also SAP AG v. Datatern, Inc.*, Case No. 1:11cv02648-KBF, Doc. 102, at 1-4 (S.D.N.Y. June 28, 2012) (attached to Motion as Exhibit B) (failure to serve infringement contentions and court accordingly granted summary judgment in favor of the alleged infringers).   The case law fully supports the Magistrate Judge's Recommendation.

In the face of this authority, Plaintiff does two things: (a) he attempts (but fails) to distinguish the Federal Circuit's holding in *O2 Micro*; and (b) he sets forth an irrelevant standard from the inapposite *Micron v. Rambus* case.

Plaintiff attempts to distinguish *O2 Micro* by arguing that "O2 Micro involved a Plaintiff who had knowledge of non-infringement via a data sheet in 2002, and then was late in amending their contentions." (Objections at 3). As a preliminary matter, Plaintiff's characterization of *O2 Micro* is not correct. In *O2 Micro*, the Federal Circuit found that the plaintiff had reason to know of an *infringement theory* (and not "knowledge of non-infringement") in 2002, when it received a data sheet as part of the defendant's initial disclosures. *O2 Micro*, 467 F.3d at 1369-1370. Importantly, this fact was part of the rationale for the Federal Circuit's conclusion that the district court's finding of lack of diligence by that plaintiff was not unreasonable or arbitrary. *Id.*

More importantly, however, this same rationale supporting a lack of diligence in *O2 Micro* is equally applicable to this case. Plaintiff's filing of what he titled as "Final Infringement Contentions" on December 19, 2012, did not occur until more than three months after the September 14, 2012 deadline. (*See* Doc. No. 56). But neither this document nor its attachments contain any reference to information, source code, or schematics that were made available by TI as a part of this case. Rather, in these untimely "Final Infringement Contentions," Plaintiff merely quotes from a handful of TI public documents readily accessible from TI's website at www.ti.com—*documents that were generally available to Plaintiff, his counsel, and his expert before this lawsuit was even filed*. Accordingly, under the holding of *O2 Micro*, Plaintiff cannot justify his failure to satisfy his obligation to provide timely infringement contentions, particularly when the "Final Infringement Contentions" that he filed over three months late are based on

documents available to him before he filed his lawsuit over one year ago.[2]  Also significant is that Plaintiff makes no effort to distinguish the holdings of *ArrivalStar* or *Datatern*, both of which fully support the Magistrate's Recommendation to grant TI's motion for summary judgment.

Plaintiff's Objections also incorrectly rely on *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311 (Fed. Cir. 2011) (en banc) as setting forth the appropriate test for whether the Magistrate's Recommendation is appropriate.  *Micron* is not, however, applicable here.  That case involved charges of evidence spoliation and litigation misconduct—not unjustified delay and disregard of the Court's orders as in this case.  *See Micron*, 645 F.3d at 1319-1329 (analyzing district court spoliation sanction).  Plaintiff's assertion that "[i]n *Micron* the Court laid out a three factor test for <u>terminating sanctions</u>" is thus misplaced.  (*See* Objections at 2 (emphasis added)).  Rather, the *Micron* opinion quotes a Third Circuit test in *Schmid. v. Milwaukee Electric Tool Corp.*, 13 F.3d 76 (3d Cir. 1994), for determining proper <u>spoliation sanctions</u>.  *Micron*, 645 F.3d. at 1329 (quoting *Schmid*, 13 F.3d at 79).  In *Schmid*, the sole issue before the Third Circuit was spoliation sanctions, and more particularly whether exclusion of expert testimony was a proper sanction.  Thus, contrary to Plaintiff's assertions, neither *Micron* nor *Schmid* sets forth a broad Federal Circuit test for the propriety of terminating sanctions.  Conversely, the Federal Rules of Civil Procedure, Federal Circuit precedent (*i.e.*, *O2 Micro*), and the additional district court precedent cited above (*i.e.*, *ArrivalStar* and *Datatern*) demonstrate that the Magistrate Judge's dismissal with prejudice was appropriate in this case.

---

[2]  Moreover, as noted above, TI made relevant source code available to Plaintiff's expert and to Plaintiff's counsel as early as June 2012, many months before the three-times extended deadline for providing infringement contentions.

**B.     Eleventh Circuit precedent also supports the Magistrate Judge's Recommendation.**

Because the infringement contentions deadline from this Court's Scheduling Order is unique to a patent case and has a close relationship to enforcement of substantive patent law, the above Federal Circuit precedent from *O2 Micro* is the controlling precedent here.  *See O2 Micro*, 467 F.3d at 1364 -1365 (since "local patent rules on amendment of infringement contentions are unique to patent cases and have a close relationship to enforcement of substantive patent law, we proceed to review their validity and interpretation under Federal Circuit law.")  However, even if Eleventh Circuit precedent controlled, the result would be no different because Eleventh Circuit precedent similarly supports the Magistrate's Recommendation. *See Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) ("[T]he power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions.").

This circuit has articulated a two-part analysis for determining when an action should be dismissed as a sanction.  *Zocaras*, 465 F.3d at 483.  Dismissal is appropriate where there is a clear record of willful conduct and lesser sanctions are inadequate.  *Id.*  As explained below, both factors are satisfied here and support the reasoning of the Magistrate Judge in granting summary judgment after Plaintiff was given sufficient opportunity to investigate infringement but failed to articulate an infringement theory with timely served infringement contentions.

With respect to the willful conduct prong, Plaintiff's failure to timely serve infringement contentions was not due to accident or negligence, or otherwise justified. As the Magistrate Judge correctly noted, the Court extended the deadline for filing infringement contentions not once, not twice, but three times.  (Recommendation at 2).  The Magistrate Judge also correctly noted that TI cooperated with Plaintiff by making source code available for review.   (*Id.*).

Plaintiff's counsel acknowledged TI's cooperation with discovery requests when asking the Court for the first of these agreed extensions:

> *The parties have been cooperating on discovery issues in this case.* In that regard, Plaintiff's attorneys and expert have been in the process of reviewing source code made available for inspection by Defendant. . . . Plaintiff desires additional time to review and analyze the source code before providing his infringement contentions to Defendant.

(Doc. No. 40 at 1 (emphasis added)).

The Magistrate Judge further found that Plaintiff, as the sole inventor on the patents at issue, is technically qualified and could also have relayed to his lawyers and expert any additional information necessary to prepare the infringement contentions during this time. (Recommendation at 3). As found by the Magistrate Judge: "Carroll had no need to consult with others to meet his Fed. R. Civ. P. 11 burden and articulate in some minimal way how Texas Instruments infringed his patent. The Magistrate Judge deems Carroll is more than able to relay to his own expert any information necessary to meet his burden to produce his patent infringement contentions." (*Id.*). In fact, the Magistrate Judge remarked that "it is a small burden to expect Carroll, the plaintiff, to comply with the court's order to provide the contentions in a timely manner." (*Id.*) For all of these reasons, the willful conduct prong is satisfied.

The second prong of the Eleventh Circuit's analysis (lesser sanctions) is also satisfied. The Magistrate Judge was clear at oral argument that he would consider dismissal along with other potential sanctions:

> All right. Well, I'll tell you what I'll do, then. I'm going to make the initial call as to whether or not I'm going to recommend to Judge Thompson that the case remain alive. I don't know what my decision is going to be there, Mr. Carroll. I really don't. I do know that if I do, I'm going to recommend some type of sanction so that -- because I don't -- I don't think it would be fair to Texas

> Instruments for your failure to file to go without some
> repercussion. I'm just going to have to make my decisions
> accordingly, and then I will enter a judgment on it as quickly as I
> can. We'll just have to wait and see.

(Hearing Transcript at 37:12-22).

In addition, at oral argument TI itself raised the possibility of an alternative of dismissal without prejudice.   (Hearing Transcript at 25:17-28:4).   But, by recommending summary judgment and dismissal with prejudice in light of the record before him, and, after hearing from Plaintiff and TI at oral argument, the Magistrate Judge implicitly rejected that alternative of dismissal without prejudice and similarly implicitly rejected other potential lesser sanctions. The Magistrate Judge correctly noted that Plaintiff should have been more than able to provide infringement contentions, but did not do so even though he was personally technically qualified to provide them and even after his lawyers and expert reviewed TI source code for the accused products and were afforded three *agreed-to* extensions of the infringement contention deadline. (Recommendation at 3-4).   It would simply not be fair to TI to subject its products accused of infringement in this case to the cloud of an infringement allegation any longer—a cloud that existed for 11 months while Plaintiff disregarded the Court's orders by failing to provide the most basic building blocks of a patent infringement case, namely infringement contentions— despite multiple opportunities to do so.  *Cf. Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 100 (1993) (noting that "a company once charged with infringement must remain concerned about the risk of similar charges if it develops and markets similar products in the future" and that there is "a strong public interest in the finality of judgments in patent litigation.")

## III.   Conclusion

Because the Magistrate Judge's Recommendation is sound and well-reasoned and supported by applicable Federal Circuit precedent (and also by Eleventh Circuit precedent), TI

respectfully requests that summary judgment be granted in its favor, and that this case be dismissed with prejudice.

Respectfully submitted this 9th day of January, 2013.

/s/David R. Boyd
One of the Attorneys for Defendant

OF COUNSEL:
David R. Boyd (ASB-0717-D52D
dboyd@balch.com
G. Lane Knight (ASB-6748-I72K)
lknight@balch.com
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL  36101
334/834-6500
334/269-3115 (fax)

Thomas B. Walsh, IV
Fish & Richardson, P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
214/747-5070
214/747-2091 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically. I further certify that a copy of the foregoing document will be electronically mailed to Plaintiff at carrollfarm@charter.net this 9th day of January, 2013.

<u>*s/David R. Boyd*</u>
One of the Attorneys for Defendant