J. Curtis Edmondson
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro, Oregon 97214
Telephone: (503) 336-3749
Facsimile: (503) 482-7418
e-mail: jcedmondson@edmolaw.com

PRO HAC VICE PENDING

Attorney for Plaintiff
CHESTER CARROLL

RECEIVED
2013 JAN 14 P 1:23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHESTER CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS INCORPORATED,<br><br>Defendant. | Case No. 2:11-cv-01037-MHT-TFM<br><br>REPLY IN RESPONSE TO DEFENDANT TEXAS INSTRUMENTS OPPOSITION |

## I. SUMMARY

Defendant Texas Instruments ("TI") argues that this short six month delay should result in terminating sanctions. Not only would this be unfairly prejudicial to Plaintiff Chester Carroll ("Carroll") in light of the record, dismissal of this case would not remove any "cloud" of infringement on TI.

Carroll respectfully requests that this Court not adopt the Magistrates report and recommendation in view of the fact that Carroll has now retained counsel who, after file review

can work with opposing counsel in a timely and efficient manner to bring this case to a resolution.

## II. ARGUMENT

The past record of this case is not in dispute. Carroll is a very talented electrical engineer and prolific inventor. This expertise works well in the lab, but perhaps not so well in the courtroom.

TI is a multi-national company with significant in-house counsel resources and is represented by an extremely competent patent litigation firm.

At issue is a question of equity - is it fair to terminate a patent litigation matter where the case is 11 months old, several months where Carroll was "pro-se" and also apparently ill.

On one hand, Carroll claims that a number of TI products infringe U.S. Patent Nos. 7,627,624 and 7,519,642. On the other hand, TI has legitimate concerns – a patent infringement lawsuit may have economic implications – adverse stock price, etc.

Also this Court has to manage its docket. Orders should be followed and when its Orders are not followed, sanctions should flow. That is the price of invoking the power of this Court. The Magistrate's concerns are real and should not be taken lightly.

But, in this case, adopting terminating sanctions is not the proper remedy in light of the factual record. The case law cited by counsel involves litigation abuses by parties represented by counsel, not by "pro-se" parties. This is an important distinction.

Also, as this case may be a business distraction for TI, it has not risen to the level of economic materiality where there is a material burden on TI to allow this case to go forward with the presentment of claim charts.

A.   *The 11th Circuit Case Law does not support terminating sanctions*

CARROLL'S REPLY TO TI'S OPPOSITION TO THE REPORT AND RECOMMENDATION

2

The issue of proper sanctions in the 11th Circuit is not a new one. See *Ofs Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344 (11th Cir., 2008). But application of terminating sanctions always boils down to the analysis of the equity of the sanction in view of the facts.

TI relies of the 11th Circuit case of *Zocaras v. Castro*, 465 F.3d 479, 481 (11th Cir., 2006). *Zocarros* can be distinguished just by citing to introduction of the opinion:

> If, as the Bible says, "[a]n honest answer is like a kiss on the lips," *Proverbs* 24:26 (N.I.V.), a pleading founded on a lie is like a kick in the gut. The question this appeal presents is whether a district court can dismiss a case with prejudice because the plaintiff filed and litigated his complaint under a false name. *Id.*

This case is clearly distinguishable from *Zocaras* in that it is clearly not based on "a lie". TI has not challenged the case as being frivolous or brought in bad faith under Rule 11. There is a *prima facie* and good faith case of infringement made by Carroll as against TI.

*Zocaras* also held that in considering whether to dismiss a case, "a district court must consider the possibility of alternative, lesser sanctions". *Id.* at 484. Here, dismissal with prejudice is the ultimate, terminating sanction, and is not an alternate, lesser sanction.

Other cases cited by TI involve situations were parties are represented by counsel. Here, there is an intervening period of "pro-se" representation and sickness that caused some litigation delay, but not the kind of delay that has impacted TI in a material way.

CARROLL'S REPLY TO TI'S OPPOSITION TO THE REPORT AND RECOMMENDATION

B.  *TI's fairness argument in support of dismissal is not supported by TI'S filings with the SEC.*

TI's fairness argument is succinctly stated as:

"It would simply not be fair to TI to subject its products accused of infringement in this case to the cloud of an infringement allegation any longer" (Opposition, Docket at 60, pg. 11).

While this statement may be true for a startup that is seeking funding, this argument should have less weight in view of TI's filings with the SEC. TI has made only a generic entry regarding ongoing legal proceedings, but has not specifically mentioned this case. (See Ex. A). Therefore there is little evidence of a significant economic cloud on TI in view of this case.

Likewise, termination of this case does not remove any "cloud" regarding future claims of infringement. *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342-1343 (Fed. Cir., 2012).

Carroll is not suggesting that patent litigation is not a serious matter and should be treated lightly. Any claim of infringement is. Further, Carroll recognizes that TI's in-house legal team and outside litigation counsel must devote resources to this case.

But, this contested issue of infringement should be decided on the merits of the claims presented. Just as Carroll has claims of infringement, TI uses the legal system to remedy its own claims of patent infringement across the United States and internationally (see *Texas Instruments v. Hyundai Electronics Indus.*, 42 F.Supp.2d 660 (E. D. Tex., 1999, humorously stating *"the Texas Instruments and Hyundai litigation landing crafts washed lawyers upon foreign shores"*, Id. at 686). TI's patent team is very experienced at pointing out to this Court

CARROLL'S REPLY TO TI'S OPPOSITION TO THE REPORT AND RECOMMENDATION

4

why, after proper claim charts are presented, that Carroll's claims are unmeritorious and/or if late down the road other defenses exist. Further in light that the claim contentions is only one phase in the many stages of patent litigation (Markman, Trial, Appeal, etc following), early termination without a trial on the merits, is inequitable.

### III. CONCLUSION

There is no question that a *pro-se* Plaintiff would have difficulty litigating a patent case, much less a simple breach of contract claim, in this Court. There procedural and substantive barriers are enormous.

Carroll has taken the first step in getting this case back on track by hiring patent litigation counsel. Prior counsel is sending to new counsel the case file for review. New counsel will also work with opposing counsel on the required claim charts.

Carroll therefore respectfully asks that this Court not adopt the report and recommendation of the Magistrate and set this case for a further status conference in light of his retaining new counsel.

Dated: January 13, 2013        Respectfully Submitted,


/x/ J. Curtis Edmondson

J. Curtis Edmondson
3699 NW John Olsen Place
Hillsboro, OR 97124
Telephone:   (503) 336-3749
Facsimile:   (503) 482-7418
Email:       jcedmondson@edmolaw.com
*Attorney for Chester Carroll*

CARROLL'S REPLY TO TI'S OPPOSITION TO THE REPORT AND RECOMMENDATION